UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.       )<br>)<br>JONATHAN SUTTER    )<br>)<br>)<br>) | No. 08 CR 203<br><br>Chief Judge James F. Holderman |

**GOVERNMENT'S AGREED MOTION TO EXCLUDE TIME
PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3161**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, pursuant to 18 U.S.C. § 3161(h)(8)(A),(B), hereby moves to exclude 30 days from the period beginning on March 27, 2008, and up to and including April 26, 2008, from the time prescribed in Title 18, United States Code, Section 3161(b) for the return of an indictment or information following an arrest. In support of this motion, the government states as follows:

1.      The government filed a complaint and affidavit against defendant Jonathan Sutter on March 8, 2008. The complaint alleges that on or about February 14, 2008, the defendant did take, by force and violence, and by intimidation, from the person and presence of another, approximately $5290 in United States Currency belonging to, and in the care, custody, control, management, and possession of a bank, namely, the Citizens First National Bank branch located at 8225 Fox River Drive, in Millbrook, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("the bank robbery").

2.      Pursuant to 18 U.S.C. § 3161, *et seq.* ("the Speedy Trial Act"), the government must generally file an indictment within 30 days of the arrest of the defendant. In this case, the defendant

was arrested on March 8, 2008, and appeared on the same day for an initial appearance before Judge Brown. Accordingly, the 30-day period to indict expires on April 7, 2008.

    3.    The Speedy Trial Act permits a court to enlarge the 30-day time period if the court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the factors identified by Congress as relevant to this determination are the following:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

18 U.S.C. § 3161(h)(8)(B)(iii), and

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within the clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(iv).

    4.    After the government arrested the defendant, the grand jury issued a number of subpoenas to gather information on the defendant's activity before, during, and after the bank robbery. However, the response to one of the requests remains outstanding. In addition, as of the date of this motion, the government continues to receive new information concerning the bank robbery from various local law enforcement agencies, including lengthy videotapes of witness interviews, along with information on two similar bank robberies. As a result of this ongoing investigation, the government seeks additional time to make a charging decision based on a full

analysis of the ongoing information being provided to the government. The defendant is currently released on an unsecured $20,000 bond and will suffer no prejudice from this Court's exclusion of time under the Speedy Trial Act. Also, the additional time will save grand jury resources and ensure that a fully informed decision is made.

    5.    On March 26, 2008, the undersigned Assistant United States Attorney conferred with the defendant's attorney, Alison Siegler, who has indicated that she agrees to this request for an extension.

    6.    Accordingly, the government respectfully requests a 30-day extension of time in which to seek the return of an indictment or information in this case, and asks that the Court order an exclusion of time under the Speedy Trial Act until April 26, 2008.

Dated: March 27, 2008

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    By: s/ Renai S. Rodney
        RENAI S. RODNEY
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 353-4064

**CERTIFICATE OF SERVICE**

  The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S AGREED MOTION TO EXCLUDE TIME
PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3161**

was served March 27, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case filing pursuant to the District Court's Electronic Case Filing (ECF) system as to ECF filers.

            By: s/ Renai S. Rodney
              RENAI S. RODNEY
              Assistant United States Attorney
              219 S. Dearborn St.- 5th Floor
              Chicago, IL 60604
              312-353-4064